UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Randi Torres,<br><br>             Plaintiff,<br><br>    v.<br><br>Santander Consumer USA, Inc.,<br><br>             Defendant. | Civil Action No.: 4:15-cv-01522<br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Randi Torres, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.     Plaintiff, Randi Torres ("Plaintiff"), is an adult individual residing in O'Fallon, Missouri, and is a "person" as defined by 47 U.S.C. § 153(39).

4.     Defendant Santander Consumer USA, Inc. ("Santander"), is a Texas business entity with an address of 8585 North Stemmons Freeway, Suite 1100N, Dallas, Texas 75247, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. In or around September 2014, Santander began calling Plaintiff's cellular phone, number 636-xxx-2623, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and using an artificial or prerecorded voice.

6. Plaintiff did not provide his cellular phone number to Santander and did not give it consent to place automated calls to that number.

7. When Plaintiff answered calls from Santander, he heard a prerecorded voice which instructed him to wait for the next available representative. After the prerecorded message, Plaintiff was connected to a live representative.

8. On at least one occasion, Plaintiff waited on the line in order to speak with a live representative. At that time, Plaintiff explained to Santander that he did not have an account with them and did not know the person they were trying to reach. Plaintiff therefore requested that the calls to his cellular phone number cease.

9. Nevertheless, Santander continued to place automated calls to Plaintiff's cellular phone number.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff's cellular phone number using an ATDS or predictive dialer and using a prerecorded or artificial voice.

12. Plaintiff never provided his cellular phone number to Defendant and never provided consent to be contacted at his cellular phone number.

13. In expanding on the prohibitions of the TCPA, the Federal Communications

Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

14. Defendant's telephone system(s) have some earmarks of a predictive dialer.

15. When Plaintiff answered calls from Defendant, he heard a prerecorded voice prior to being connected to a live representative.

16. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Defendant contacted placed automated calls to Plaintiff's cellular phone despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA,

Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Punitive damages; and

3. Such other and further relief that the Court may deem just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 5, 2015

        Respectfully submitted,

        By: __/s/ Sergei Lemberg_____

        Sergei Lemberg, Esq.
        LEMBERG LAW, L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff